UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE LEAL,

    Plaintiff,

v.                                                          CASE NO. 8:11-cv-2045-T-JBT

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

    Defendant.
_____/

# ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for Supplemental Security Income ("SSI"). In his application, filed on January 10, 2008, Plaintiff alleged that he became disabled on January 1, 2004. (Tr. 14, 56, 147.) On September 30, 2008, an administrative hearing was held before Administrative Law Judge ("ALJ") Tony Eberwein. (Tr. 56.) In a decision dated March 17, 2009, ALJ Eberwein decided that Plaintiff was eligible for SSI "as a United States citizen effective August 28, 2008." (Tr. 59.) He further decided that "[t]he proper component of the Social Security Administration [SSA] should now develop the file to determine whether the claimant meets the medical and other non-medical criteria for eligibility." (*Id.*)

On April 16, 2009, the SSA sent Plaintiff a Notice of Award, in which it stated

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 27 & 28.)

that Plaintiff would be receiving monthly SSI payments. (Tr. 62-67.) Plaintiff received SSI payments for the period from August 28, 2008 through April 30, 2009. (Tr. 62; Doc. 1 at 1.) In July 2009, the SSA sent Plaintiff notification that the Notice of Award was issued in error and that it was terminating his monthly SSI payments. (Tr. 82, *see also* Doc. 23 at 1.)

Subsequently, Plaintiff's application was denied initially and on reconsideration. (Tr. 74-77, 83-84.) At Plaintiff's request, a hearing was held before ALJ Glen Watkins on January 5, 2011. (Tr. 32-52, 89.) In a decision dated January 14, 2011, ALJ Watkins found that Plaintiff has not been disabled since August 28, 2008, which is the date Plaintiff became eligible for SSI. (Tr. 14-26.) It is from this decision that Plaintiff appeals. Thus, Plaintiff is appealing the Commissioner's decision that he was not disabled from August 28, 2008 through January 14, 2011.

In deciding that Plaintiff is not disabled, the ALJ[2] found that he had the following severe impairments: "obesity, a history of a back injury with chronic pain, neuropathy, tachycardia, vertigo/dizziness, headaches, bilateral hearing loss, a somatoform disorder, depression, and anxiety." (Tr. 16.) The ALJ expressly considered whether Plaintiff's impairments meet or medically equal the criteria of Listings 12.04, 12.06, and 12.07. (Tr. 17.) In regard to the paragraph B criteria of the subject Listings, he found that Plaintiff had "mild restriction of activities of daily

---

[2] For ease of reference, the Court will refer to "the ALJ," which, unless otherwise indicated, will mean ALJ Watkins.

living; mild difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence or pace; and no episodes of decompensation." (*Id.*)  The ALJ further found that "the evidence fails to establish the presence of the 'paragraph C' criteria." (*Id.*)  In addition, the ALJ found that Plaintiff retains the residual functional capacity ("RFC") to perform medium work, with the following additional limitations:

> occasionally lifting and/or carrying 50 pounds; frequently lifting and/or carrying 25 pounds; occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching and crawling, but no climbing ladders, ropes or scaffolds; avoiding concentrated exposure to extreme cold and extreme heat; avoiding even moderate exposure to hazards such as dangerous moving machinery and unprotected heights; and performing simple, repetitive and routine tasks in an unskilled work environment with specific vocational preparation (SVP) codes of 1 or 2.

(Tr. 18.)

Plaintiff has exhausted his available administrative remedies and the case is properly before the Court.  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons stated herein, the Commissioner's decision is **AFFIRMED.**

I.     **Issues on Appeal**

On appeal, Plaintiff argues three grounds for reversal: (1) the SSA did not follow ALJ Eberwein's March 17, 2009 written decision; (2) ALJ Watkins erred in determining that Plaintiff did not meet any of several listed impairments under the category, "Mental Disorders"; and (3) the SSA failed to fully develop the record.

(Doc. 23.)³

## II. Standard of Review

As the Eleventh Circuit stated recently,

> We review the ALJ's decision "to determine if it is supported by substantial evidence and based on proper legal standards." "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderates against the ALJ's findings, we must affirm if the decision reached is supported by substantial evidence." In conducting this review, we may not reweigh the evidence or substitute our judgment for that of the ALJ. With respect to the ALJ's legal conclusions, however, our review is *de novo*.

*Carson v. Comm'r of Soc. Sec.*, 2011 WL 4375018, at *1 (11th Cir. Sept. 21, 2011) (citations omitted).

## III. Analysis

### A. ALJ Eberwein's March 17, 2009 Decision

In his March 17, 2009 written decision, ALJ Eberwein ruled merely that Plaintiff was eligible for SSI, as opposed to entitled to SSI payments, by virtue of his becoming a United States citizen on August 28, 2008. (59.) Thus, Plaintiff is mistaken in his contention that the subject decision "states that I must receive SSI payments of $537.18 every month beginning August 28, 2008 and on." (Doc. 23 at 1.)

---

³ Plaintiff is proceeding *pro se* in this case. His memorandum is not in a format that clearly delineates the issues. The Court's statement of the issues gives Plaintiff the benefit of the doubt regarding the issues raised. The Commissioner has addressed all of these issues in his memorandum. (Doc. 32.)

As stated above, the SSA mistakenly issued a Notice of Award in April 2009 and awarded Plaintiff SSI benefits from August 28, 2008 through April 30, 2009. (Tr. 62-67; Doc. 1 at 1.) In July 2009, the SSA sent Plaintiff notification that the Notice of Award was issued in error and that it was terminating his monthly SSI payments. (Tr. 82, *see also* Doc. 23 at 1.) Plaintiff's SSI benefits were subsequently terminated, and the SSA began to carry out Judge Eberwein's instruction to develop the record on whether Plaintiff meets the medical and non-medical criteria for SSI payments. (Tr. 59.) After developing the record on these issues, the SSA found Plaintiff not disabled and, thus, not entitled to SSI payments from August 28, 2008 through January 14, 2011. (Tr. 26.)

Pursuant to the pertinent Regulations, the Commissioner may reopen a determination on its own initiative for any reason within twelve months of the date of the notice of the initial determination. 20 C.F.R. §§ 416.1487-416.1488. Here, the notice of the SSA's initial determination that Plaintiff was entitled to SSI payments was dated April 16, 2009. (Tr. 62-67.) The SSA realized that this was done in error, and in July 2009, notified Plaintiff of the error and that it would be terminating his SSI payments. (Tr. 82.) In effect, the SSA reopened the determination reflected in its April 16, 2009 Notice of Award to correct an obvious error, and it did so well within the twelve-month period provided in 20 C.F.R. § 416.1488. It then proceeded to determine whether Plaintiff was entitled to SSI payments. Therefore, the Court

5

rejects Plaintiff's first argument.[4]

### B. Listed Impairments Under the Category, "Mental Disorders"

Plaintiff appears to challenge ALJ Watkins' determination that he does not meet or equal one or more of the Mental Disorder listings. (Doc. 23 at 2.) He argues that the subject listings state that "individuals with a mental condition under title 12.00, mental disorders of section 12.05, cannot work." (*Id.*)

Although Plaintiff cites Listing 12.05, which is entitled "Mental retardation," Plaintiff never alleged that he was disabled due to mental retardation (Tr. 189) and there is no evidence in the record that Plaintiff would meet this Listing. (*See generally* Tr. 277-454.)

Plaintiff did allege that he was disabled due to anxiety and depression. (Tr. 189.) The ALJ expressly considered whether Plaintiff met or equaled Listing 12.04 (Affective disorders), 12.06 (Anxiety-related disorders), and 12.07 (Somatoform disorders). (Tr. 17-18.) The ALJ concluded that Plaintiff's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of any Listing. (Tr. 17.) For the reasons discussed below, this conclusion is supported by substantial evidence.

#### 1. Legal Standard Regarding Listings

"The Listing of Impairments describes, for each of the major body systems,

---

[4] Moreover, in the Court's view, it would be improper to force the SSA to continue to make payments to Plaintiff to which he is not entitled simply because an error was made.

6

impairments which are considered severe enough to prevent a person from doing any gainful activity." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002) (citation omitted). By meeting a Listing or establishing an equivalence, a claimant is "conclusively presumed to be disabled based on his or her medical condition." *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). However, the burden is on the claimant to prove that his impairment(s) meet or medically equal a Listing:

> When a claimant contends that he has an impairment meeting the listed impairments, the burden is on the claimant to present specific medical findings that meet the various tests listed under the description of the applicable impairment, or, if in the alternative, he contends that he has an impairment which is equal to one of the listed impairments, the claimant must present evidence which describes how the impairment has such an equivalency.

*Wilkinson* ex rel. *Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987) (citation omitted). Mere diagnosis of a listed impairment is not enough as the record must contain corroborative medical evidence supported by clinical and laboratory findings. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991).

An ALJ's evaluation of disability on the basis of mental disorders requires "documentation of a medically determinable impairment(s), consideration of the degree of limitation such impairment(s) may impose on [the claimant's] ability to work, and consideration of whether these limitations have lasted or are expected to last for a continuous period of at least 12 months." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00. Each of the subject Listings consists of a diagnostic description in the introductory paragraph, a set of medical findings (paragraph A

7

criteria), and one or two different sets of impairment-related functional limitations (paragraph B and C criteria, respectively). *Id.* In order to establish that he is disabled pursuant to any of the subject Listings, Plaintiff must at least show that his impairments meet or medically equal either the paragraph B criteria or the paragraph C criteria, if applicable. *Id.*

### 2. Analysis[5]

#### a. Paragraph B Criteria

The paragraph B criteria for each of the subject Listings are the same; they require "at least two of the following: 1. Marked restriction of activities of daily living; or 2. Marked difficulties in maintaining social functioning; or 3. Marked difficulties in maintaining concentration, persistence, or pace; or 4. Repeated episodes of decompensation, each of extended duration." 20 C.F.R. Part 404, Subpart P, Appendix 1, §§ 12.04, 12.06-12.07.

The ALJ found that Plaintiff had "mild restriction of activities of daily living; mild difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence or pace; and no episodes of decompensation." (Tr. 17.) Thus, the ALJ found that Plaintiff failed to satisfy the paragraph B criteria for any of the subject Listings. (*Id.*)

---

[5] For the reasons discussed herein, the Court concludes that the ALJ's conclusion that Plaintiff failed to satisfy either the paragraph B or paragraph C criteria for any Listing is supported by substantial evidence. For this reason, the Court need not address whether Plaintiff satisfied the other requirements for the Listings, as any error the ALJ may have committed with regard to those other requirements would be harmless.

In reaching his conclusion on the paragraph B criteria, the ALJ adopted the opinions of two state agency psychologists, Dr. James Levasseur and Dr. Keith Bauer, who both opined that Plaintiff had only mild restriction of activities of daily living, mild difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation. (Tr. 23-24, 399, 425.) These opinions, along with all other evidence in the record viewed as a whole, provide substantial evidence in support of the ALJ's conclusion that Plaintiff does not satisfy the paragraph B criteria.

### b. Paragraph C Criteria

As stated below, the paragraph C criteria are different for Listings 12.04 and 12.06. Further, Listing 12.07 does not have paragraph C criteria and, thus, the only way for a claimant to satisfy that Listing is to show that his impairments meet or medically equal the diagnostic description in the introductory paragraph, the paragraph A criteria, and the paragraph B criteria. 20 C.F.R. Part 404, Subpart P, Appendix 1, §§ 12.00, 12.04, 12.06-12.07.

The paragraph C criteria for Listing 12.04 require the following:

> Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
>     1. Repeated episodes of decompensation, each of extended duration; or
>     2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change

in the environment would be predicted to cause the individual to decompensate; or

     3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.04.

The paragraph C criteria for Listing 12.06 require the claimant's anxiety related disorder to result in "complete inability to function independently outside the area of one's home." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.06.

In deciding whether Plaintiff satisfied the subject Listings, the ALJ found that "the evidence fails to establish the presence of the 'paragraph C' criteria." (Tr. 17.) This conclusion is again supported by substantial evidence, including the opinions of the two state agency psychologists. Dr. Levasseur opined that Plaintiff does not meet the paragraph C criteria for Listing 12.04. (Tr. 400.)[6] Dr. Bauer opined that Plaintiff does not meet the paragraph C criteria for either Listing 12.04 or Listing 12.06. (Tr. 426.) These doctors' opinions, as well as the record as a whole, provide substantial evidence to support the ALJ's conclusion that Plaintiff does not meet the paragraph C criteria for either of the subject Listings.

For the reasons stated above, the ALJ's conclusion that Plaintiff does not satisfy either the paragraph B or paragraph C criteria for any of the subject Listings is supported by substantial evidence. Therefore, the ALJ's conclusion that Plaintiff

---

[6] Dr. Levasseur did not opine whether the paragraph C criteria were met for Listing 12.06. (Tr. 400.) However, it appears that this was an oversight. (Tr. 399 (indicating that Dr. Levasseur was considering Listing 12.06 when reaching his opinions).)

does not meet any of the subject Listings is supported by substantial evidence.

Moreover, to the extent that Plaintiff is challenging the ALJ's assessment of his mental RFC, the Court also rejects that argument. Upon review of the record as a whole, the ALJ's mental RFC assessment is supported by substantial evidence. For example, Plaintiff's treating psychiatrist, Dr. Nestor Milian, stated, "Mr. Leal's psychiatric diagnoses do not preclude his being productive or employable provided his symptoms are treated. When I last saw him [on] 10/24/07, Mr. Leal was stabilized on his treatment." (Tr. 446.) In addition the opinions of the state agency psychologists (Tr. 405, 431) support the ALJ's mental RFC assessment that Plaintiff can perform "simple, repetitive and routine tasks in an unskilled work environment with specific vocational preparation (SVP) codes of 1 or 2" (Tr. 18).

### C. Development of the Record

"Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record. A Social Security claimant has a statutory right, which may be waived, to be represented by counsel at a hearing before an ALJ." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (citation omitted).

> [W]here the right to representation has not been waived, the hearing examiner's obligation to develop a full and fair record rises to a special duty. This special duty requires the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts" and to be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." It is not necessary to determine that the presence of counsel would necessarily have

resulted in any specific benefits. However, there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record. The court should be guided by whether the record reveals evidentiary gaps which result in unfairness or "clear prejudice."

*Id.* at 1422-23 (citations omitted).

Plaintiff was not represented at the hearing before the ALJ. (Tr. 32-52.) It appears that Plaintiff validly waived his right to representation. (Tr. 146.) However, for the reasons discussed below, even assuming that Plaintiff did not validly waive his right to representation, the ALJ met his duty to develop the record.

Plaintiff asserts that the Notice of Reconsideration of November 19, 2009 did not include evidence from consultative psychiatrist Dr. Arlene Martinez. (Doc. 23 at 1-2; Doc. 23-1 at 16-18.) While Plaintiff is correct that the SSA did not consider evidence from Dr. Martinez in reaching its decision at the reconsideration stage, the ALJ considered this evidence in reaching his decision. (Tr. 20, 317-18.) Thus, the Court finds no error.[7]

Plaintiff also asserts that he signed authorizations permitting Sara Delgado, a workers compensation examiner, and Dr. Nestor Milian, Plaintiff's treating psychiatrist, to appear and testify at the administrative hearing before the ALJ. (Doc. 23 at 2.) These individuals were not present at the hearing. (Tr. 32-52.) However,

---

[7] Moreover, as the ALJ noted, this record from Dr. Martinez was from July 2004. (Tr. 20, 317-18.) Although Plaintiff alleged that he became disabled on January 1, 2004, the period at issue did not begin until August 28, 2008.

12

Plaintiff has failed to demonstrate how the absence of either person resulted in any prejudice.

In a Notice of Hearing dated October 20, 2010, the ALJ advised Plaintiff of his right to request the ALJ to issue a subpoena requiring a person to testify at the hearing. (Tr. 101, 120.) Specifically, the ALJ advised Plaintiff of the following:

> I may issue a subpoena that requires a person to submit documents or testify at your hearing. I will do this if the person has evidence or information that you reasonably need to present your case fully.
>
> If you want me to issue a subpoena, you must write to me as soon as possible. I must receive your request no later than 5 days before your hearing. In your request, please tell me: [w]hat documents you need and/or who the witnesses are; [t]he location of the documents or witnesses; [t]he important facts you expect the document or witness to prove; and [w]hy you cannot prove these facts without a subpoena.

(Tr. 101.) Neither the administrative record (Tr. 1-454) nor any of the documents filed in this case reflect that Plaintiff ever requested the ALJ to subpoena Sara Delgado or Dr. Milian.

Further, an ALJ is required to issue a subpoena only when the testimony is reasonably necessary for a full presentation of the case. 20 C.F.R. § 416.1450(d)(1). As the record reflects, a vocational expert testified at the administrative hearing. (Tr. 47-51.) Plaintiff has not shown how testimony from Ms. Delgado, a workers compensation examiner (Tr. 442), was reasonably necessary for a full presentation of the case or how the lack of testimony by Ms. Delgado has prejudiced him. Similarly, Plaintiff has not shown how testimony from Dr. Milian was

reasonably necessary for a full presentation of the case or how the lack of his testimony prejudiced Plaintiff. Dr. Milian's written opinion is in the record and was expressly considered by the ALJ. (Tr. 23, 446.) Moreover, that opinion supports the ALJ's decision that Plaintiff is not disabled: "Mr. Leal's psychiatric diagnoses do not preclude his being productive or employable provided his symptoms are treated. When I last saw him [on] 10/24/07, Mr. Leal was stabilized on his treatment." (Tr. 446.)

In summary, Plaintiff has failed to show any evidentiary gap or other prejudice as a result of the ALJ's development of the record. *See Graham*, 129 F.3d at 1423. Therefore, the Court rejects this argument.

**IV.    Conclusion**

The Court does not make independent factual determinations, re-weigh the evidence, or substitute its decision for that of the ALJ. Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence. Based on this standard of review, the Court concludes that the ALJ's decision that Plaintiff was not disabled within the meaning of the Social Security Act for the time period in question is due to be affirmed.

Accordingly, it is **ORDERED**:

1.    The Commissioner's decision is **AFFIRMED**.

2. The Motion for Order Remanding Case back to the Lower Court for Rehearing (**Doc. 18**) filed by Plaintiff is **DENIED**.

3. The Clerk of Court is **DIRECTED** to enter judgment consistent with this Order and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on May 29, 2012.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:      Counsel of Record
                *Pro se* Plaintiff